THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD LEE DYE, Defendant-Appellant.

(No. 71-63; ▬▬▬▬▬▬

Fifth District—October 16, 1972.

Alan Walker, of Niedringhaus and Edison, of Granite City, for appellant.

Archie Bob Henderson, State's Attorney, of Harrisburg, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Richard Lee Dye pled guilty to the crime of theft in excess of $150.00 in violation of Ill. Rev. Stat., ch. 38, par. 16—1, after a negotiated plea.

Defendant contends in his appeal that the trial court failed to comply substantially with Illinois Supreme Court Rule 402(a)(4), (b) and (c).

The record poses serious questions of substantial compliance with Sections 402(a)(4) and (b), but these contentions will not be discussed because the trial court's failure to comply with Rule 402(c) requires reversal of defendant's sentence of conviction and remandment to the trial court.

The only discussion in the record which even remotely resembles a determination of the factual basis of the plea is the following:

"COURT: Before I accept your plea of guilty, I want to advise you that this offense carries with it the possibility of a sentence from one year to ten years in the penitentiary. *Knowing that, do you still say you are guilty as charged in the indictment?* [Emphasis added.]

DEFENDANT: Yes."

The defendant's response to the question amounts to nothing more than a statement of a legal conclusion that he is guilty of the crime, or a reaffirmation that he wishes to plead guilty. An examination of the record fails to reveal when and where the alleged theft occurred, and what was allegedly taken. Consequently, the record also fails to show any connection between acts committed by the defendant and the acts and intent required to constitute the offense of theft. (*People v. Hudson, ante,* p. 800.) There is no basis whatsoever for reasonably concluding that there is a factual basis for the plea of guilty.

For the foregoing reasons the judgment of the trial court is reversed and the case is remanded to the Circuit Court of Saline County with directions that defendant be allowed to plead anew.

Reversed and remanded with directions.

EBERSPACHER and CREBS, JJ., concur.