THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD W. WALRAVEN, Defendant-Appellant.

(No. 72-128; ▮▮▮▮▮▮▮▮

Third District—May 31, 1973.

John L. Barton, of Marseilles, for appellant.

Bernard L. Oltman, State's Attorney, of Pekin, (Jay H. Janssen, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant Richard Walraven raises several issues in this appeal, but we first direct our attention to whether the admonition given by the trial court before it accepted defendant's plea of guilty is adequate.

The defendant was indicted by the Tazewell County Grand Jury with two separate offenses committed on different occasions.

Each of the indictments returned against the defendant charge him with committing the crime of burglary. The defendant entered into plea bargaining negotiations with the State and pled guilty to both charges and was sentenced to concurrent terms of not less than 1 nor more than 10 years in the penitentiary for each offense.

In this appeal it is the defendant's contention that the trial court failed to comply with Illinois Supreme Court Rule 402(a)(2) and (c) Ill. Rev. Stat. 1971, Ch. 110A, Sec. 402(a)(2), (c).

■■ The record poses a serious question as to substantial compliance with Section (a)(2) of Rule 402, but this contention will not be discussed because the trial court's failure to comply with Rule 402(c) requires reversal of defendant's sentence of conviction and remandment to the trial court.

Chapter 110A, Section 402(c), provides:

"The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

The only discussion in the record which could possibly resemble determinations of the factual basis of the defendant's pleas of guilty are the following:

"THE COURT: You have been charged with the crime of burglary, and also, theft. What was the value of the property which was involved here? Was it less than $150.00?

PROSECUTION: Yes, Sir.

COUNSEL FOR DEFENDANT: Yes, sir. It was, Your Honor.

\* \* \*

THE COURT: Are you pleading guilty for any reason other than the fact that you actually did what you were charged with in the indictment?

DEFENDANT: No Sir."

With regard to the defendant's plea of guilty to the charge of an additional crime of burglary the following colloquy ensued:

"THE COURT: Are you pleading guilty for any reason other than the fact that you actually did what you were charged with in this indictment?

DEFENDANT: No Sir."

It is impossible for us to distinguish these discussions from the one that occurred in the case of *People v. Dye*, 7 Ill.App.3d 805, 288 N.E.2d 537, which was as follows:

"COURT: Before I accept your plea of guilty, I want to advise you that this offense carries with it the possibility of a sentence from one year to ten years in the penitentiary. *Knowing that, do you still say you are guilty as charged in the indictment?*" (Emphasis added).

DEFENDANT: Yes."

In *Dye* the reviewing court stated:

"The defendant's response to the question amounts to nothing more than a statement of a legal conclusion that he is guilty of

the crime, or a reaffirmation that he wishes to plead guilty. An examination of the record fails to reveal when and where the alleged theft occurred, and what was allegedly taken. Consequently, the record also fails to show any connection between acts committed by the defendant and the acts and intent required to constitute the offense of theft. *People v. Hudson,* 7 Ill.App.3d 800, 288 N.E.2d 533 (1972). There is no basis whatsoever for reasonably concluding that there is a factual basis for the plea of guilty." *People v. Dye,* 7 Ill.App.3d 805, 288 N.E.2d 537.

■■ We subscribe to the language used and the conclusion reached in the *Dye* case, for the same situation prevails in this case in that the record fails to show any connection between acts committed by the defendant and the acts and intent required to constitute the offense of burglary.

For the reasons stated the judgments of the trial court finding the defendant guilty of two crimes of burglary are reversed and this case is remanded to the circuit court of Tazewell County with directions that the defendant be allowed to plead anew.

Reversed and remanded with directions.

STOUDER and DIXON, JJ., concur.