THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES CLARK, Defendant-Appellant.

(No. 72-199;

Third District—July 20, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant, James Clark, was indicted by the Grand Jury of Rock Island County for the crime of armed robbery against two separate victims. Following plea negotiations he entered a plea of guilty to both counts of the indictment and was sentenced to two concurrent terms of not less than six nor more than eight years in the penitentiary. In this appeal he contends that the trial court failed to determine if a plea of guilty was voluntary and that there was a factual basis for it as required by Supreme Court Rule 402.

We first direct our attention to the defendant's contention that the trial court failed to determine whether or not there was a factual basis for his plea of guilty.

Chapter 110A, section 402(c) provides:

> "The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

The only discussion in the record which could possibly resemble any effort to make a determination of the factual basis of the defendant's pleas of guilty is as follows:

> "BY THE COURT: All right. It is your desire to plead guilty to this charge. You understand that you are charged with the offense of armed robbery. Two counts. That is two persons were involved. You were charged in each count with robbery of one of those persons. You understand that the offense of armed robbery involves taking of property from another with the use of force or in the use of force with a dangerous weapon, you understand that?
>
> DEFENDANT: Yes.
>
>           \*     \*     \*
>
> BY THE COURT: Now I want you to know also at the same time they presented to me your record of arrests and convictions and they have been discussing this matter with me. The court indicated to Mr. Denger and I will indicate to you now and Mr. Braud if you persist in that plea the recommendation will be accepted by the court, but aside from that Mr. Clark, are you entering this plea of guilty because you are guilty of the offense charged?
>
> DEFENDANT: Yes.
>
> BY THE COURT: I ask you that because I am not going to accept a plea of guilty if you are entering such a plea merely to dispose of the case or to terminate it in view of this substantial sentence recommended, so you are entering a plea of guilty because you are guilty?
>
> DEFENDANT: Yes."

It is impossible for us to distinguish this discussion from the one that occurred in *People v. Dye*, 7 Ill.App.3d 805, 288 N.E.2d 537, which was as follows:

> "COURT: Before I accept your plea of guilty, I want to advise you that this offense carries with it the possibility of a sentence from one to ten years in the penitentiary. *Knowing that, do you still say that you are guilty as charged in the indictment?* (Emphasis added).

DEFENDANT: Yes."

In *Dye* the reviewing court stated:

"The defendant's response to the question amounts to nothing more than a statement of a legal conclusion that he is guilty of the crime, or a reaffirmation that he wishes to plead guilty. An examination of the record fails to reveal when and where the alleged theft occurred, and what was allegedly taken. Consequently, the record also fails to show any connection between acts committed by the defendant and the acts and intent required to constitute the offense of theft. *People v. Hudson*, [7 Ill.App.3d 800, 288 N.E.2d 533 (1972)]. There is no basis whatsoever for reasonably concluding that there is a factual basis for the plea of guilty." *People v. Dye*, 7 Ill.App.3d 805, 288 N.E.2d 537.

As we did in *People v. Walraven* (1973), 11 Ill.App.3d 1085, 297 N.E.2d 198, we subscribe to the language used and the conclusion reached in the *Dye* case, for the same situation prevails in this case in that the record fails to show any connection between the acts committed by the defendant and the acts and intent required to constitute the offenses of armed robbery.

In this appeal the defendant also contends that the trial court failed to determine if his pleas of guilty were voluntary, pursuant to the requirement of Supreme Court Rule 402(b) (Ill. Rev. Stat., ch. 110A, sec. 402(b)). However, having determined that it is necessary that this case be remanded for the purpose of permitting the defendant to plead anew, it is not necessary for us to consider this contention, for any error, if any, concerning the voluntariness of defendant's plea is not likely to again occur.

For the reasons stated the judgments of the trial court finding the defendant guilty of the crime of armed robbery against two separate victims are reversed and this case is remanded to the Circuit Court of Rock Island County with directions that the defendant be allowed to plead anew.

Reversed and remanded with directions.

ALLOY, P. J., and STOUDER, J., concur.