THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH GRIFFIN, Defendant-Appellant.

(Nos. 11638, 11639, 12000, 12001, cons.;

Fourth District—November 14, 1973.

*Rehearing denied February 8, 1974.*

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

Matthew A. Hutmacher, Assistant State's Attorney, of Quincy, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant appeals directly from the sentences imposed after he plead guilty to two counts of burglary. Also joined herein is an appeal from a post-conviction hearing wherein defendant's petition to have his original pleas of guilty set aside was denied.

Defendant contends that the sentences he received must be reduced because they were unreasonable in duration, and that they failed to conform to the sentencing provisions of the Unified Code of Corrections. Moreover, defendant submits his original pleas of guilty were invalid in that they were not voluntarily given.

The relevant facts are as follows. Defendant was indicted for the burglaries of Wenzel's Appliance Store and the Home Service Store, Inc., that occurred on October 2, 1970 and October 27, 1970, respectively. The state's attorney, defendant, and the latter's attorney engaged in plea negotiations concerning the two charges. Pursuant to these negotiations, defendant agreed to enter pleas of guilty to the present charges in exchange for the State's promise to drop several other charges pending against him.

At the arraignment, defendant entered pleas of guilty. Prior to accepting defendant's pleas, the trial court admonished defendant of his rights under Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402). A hearing in aggravation and mitigation was held and defendant was sentenced to a term of 8 to 15 years for the burglary of the Home Service Store and 7 to 15 years for the burglary of Wenzel's. Both sentences were to run concurrently with one another and with another sentence of 7 to 15 years that defendant had received for a prior conviction. Defendant directly appeals these sentences.

On November 1, 1971, defendant filed two post-conviction petitions attacking the validity of each guilty plea on the grounds they were given as a result of coercion and threats. An evidentiary hearing was held concerning these contentions. The petitions stated that defendant's pleas of guilty were not intentionally and voluntarily given, but rather they were a by-product of coercion exerted by the state's attorney. The petitions related that at the time defendant engaged in plea bargaining with the State, he had just been convicted in a jury trial for a separate offense and

was sentenced to a term of 7 to 15 years. The State had seven other charges pending against him. Also, the state's attorney informed defendant that if he went to trial and was convicted, he would most probably receive a greater sentence than he had received in his first conviction; and that the State would recommend that these sentences be served consecutively with the prior sentence.

At the hearing, defendant testified: "[I] was more or less scared." He stated that he did not want to get a longer sentence, so he plead guilty. The state's attorney testified that all of his representations to defendant were made in the presence of defendant's attorney. He further stated that he did attempt to enlist defendant's cooperation in solving other burglaries, armed robberies, and drug sales that had taken place in Adams County, but that defendant refused to cooperate. The record shows that defendant admitted there was no breach of the plea agreement and the State adheres to that assertion. The trial court found the "evidence showed that the plea was entered voluntarily by petitioner and under no duress." The defendant then appealed.

As to defendant's contention that his plea was not voluntarily and intelligently given, we cannot agree. It is argued that a guilty plea is the by-product of "duress occasioned by threats" and therefore invalid when a defendant is informed that if he chooses to stand trial and is convicted, he would receive a more severe sentence than if he plead guilty. This contention ignores certain facts as to how the plea bargaining system functions.

■■ It is true that if a guilty plea is induced by coercion, threats, or force, which deprives it of the character of a voluntary act, it is void. (*United States v. Jackson*, 390 U.S. 570, 20 L.Ed.2d 138, 88 S.Ct. 1209.) This would include mental coercion that results in the overbearing of defendant's will in order to produce a plea of guilty. *Brady v. United States*, 397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463.

■■ However, in *Brady*, the court rejected the defendant's claim that it is a violation of the fifth amendment to influence or encourage a guilty plea by promises of leniency. The court also rejected the defendant's contention that a guilty plea is per se coerced and invalid if influenced by the fear of the possibility of receiving a greater sentence for a crime if convicted after defendant exercised his constitutional right to a jury. The court noted that the state's encouragement of a guilty plea is not rendered invalid merely "because both the State and the defendant often find it advantageous to preclude the possibility of the maximum penalty authorized by law." 397 U.S. 742, 752.

■■ In *North Carolina v. Alford*, 400 U.S. 25, 31, 27 L.Ed.2d 162, 91 S.Ct. 160, the court noted that the standard to be used in determining

the validity of a guilty plea is: "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." This means that a defendant must understand the nature of the charge, what his rights are, the consequences of his plea, and then make a decision based upon a rational assessment of his position in light of these factors.

■■ In consulting the total record it is clear defendant's plea was voluntarily and intelligently made. He was represented by competent counsel at the plea bargaining session and the arraignment. He was aware of the State's case against him. The state's attorney's representation that if convicted, defendant would probably receive a more severe sentence than if he plead guilty, was not a threat but part and parcel to the realities of plea bargaining. Moreover, at the arraignment, the trial court meticulously complied with Supreme Court Rule 402, especially Rule 402(b), which requires the court to determine that a plea was not induced by threats or promises apart from the plea agreement itself. The fact that defendant was fearful cannot be attributed to any improper conduct on the part of the authorities but was the result of the untenable situation defendant had put himself in. Defendant was presented with all the facts by the State and his own counsel. He knew where he stood and he intelligently and voluntarily chose to plead guilty.

■ We now turn to defendant's contention concerning the sentences. It is not necessary to consider defendant's contentions that the sentences imposed were excessive in light of the fact they do not comport with the sentencing provisions of the Unified Code of Corrections. This issue is on direct appeal and cases pending on appeal have not reached a final adjudication, therefore the sentencing provisions of the Unified Code of Corrections are applicable. See *People v. Lobb*, 9 Ill.App.3d 650, 292 N.E.2d 750; *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1.

Defendant was indicted and convicted on two counts of burglary, which is a Class 2 felony. Illinois Revised Statutes, 1972 Supp., chapter 38, paragraph 1005—8—1(b) (3), provides that the maximum term for a Class 2 felony shall be any term in excess of 1 year and not exceeding 20 years. Chapter 38, paragraph 1005—8—1(c) (3), provides: "for a Class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court; * * *."

Defendant was given a maximum of 15 years for both offenses and a minimum of 8 years in one case and 7 in the other. The minimums were

excessive under chapter 38, paragraph 1005—8—1(c) (3), of the Unified Code of Corrections. A majority of the court concludes that this court should modify the sentence by reducing the minimum to 5 years. The view of the writer is set forth in a dissenting opinion in *People v. Dailey,* 15 Ill.App.3d 214, 304 N.E.2d 156.

The judgment is affirmed, the sentence modified to a term of not less than 5 nor more than 15 years, and this cause is remanded to the circuit court of Adams County for the issuance of an amended *mittimus.*

Affirmed, sentence modified, and remanded with directions.

TRAPP and SIMKINS, JJ., concur.