The People of the State of Illinois, Plaintiff-Appellee, *v.* Donald Jean La Fette, a/k/a Donald Eugene Klemmer, Defendant-Appellant.

(No. 73-121; )

Third District—June 28, 1974.

32

Marshall Douglas, of Jackson, Douglas & DePorter, of East Moline, for appellant.

Clarke C. Barnes, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Donald Jean LaFette, a/k/a Donald Eugene Klemmer, was charged with the offenses of indecent liberties and aggravated battery in the circuit court of Rock Island County. Pursuant to plea negotiations which did not include a sentence recommendation the defendant pleaded guilty to the charge of aggravated battery and the other charge was dismissed. Defendant was sentenced to a term of from 1 year 8 months to 5 years in the penitentiary.

On this appeal defendant argues his plea of guilty was improperly accepted by the trial court and further that his sentence was improper.

The charge of aggravated battery grew out of an altercation between defendant and his common law wife which resulted in her stabbing. At the hearing concerning the defendant's plea of guilty he was represented by counsel and the court extensively explained defendant's rights to him in accord with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402). For the purposes of this appeal it is unnecessary to repeat the colloquy between court and defendant because the issue raised by defendant does not depend on the adequacy of the court's explanation but

rather upon the defendant's assertion that he did not really know what happened. In responding to the court's advice concerning the nature of the offense and defendant's understanding of the charge the record demonstrates clearly that the court's advice was understood by the defendant and that he was aware of the facts underlying the charge because, as we indicated, the facts had been represented to him even though he had no recollection of the incident.

■■■ The principal thrust of defendant's argument on this appeal is that because defendant had no personal knowledge of the fact and could neither affirm or disaffirm the facts surrounding the incident, it followed there could be no valid factual basis of the offense presented supporting the conclusion that the defendant voluntarily and understandably pleaded guilty. As we understand defendant's argument, once the defendant indicates that he has no knowledge concerning the factual basis of the charge the court is required to reject any guilty plea, set the matter for hearing as if the defendant pleaded not guilty and hold a full trial requiring the State to present evidence of defendant's guilt beyond a reasonable doubt. In this connection it should be observed that the court was advised of the facts surrounding the altercation, the nature of the incident and the nature of the proof which could be offered. In other words, there were adequate facts presented to the trial court from which it could be ascertained that a factual basis for the offense existed unless this rule is dependent on the defendant's having knowledge of the incident. If the defendant, having had the opportunity to discuss the case with his lawyer, review the prospective testimony of the State's witnesses and consider such other evidence available, determines that he is, in fact, guilty of an aggravated battery, he is then entitled to make an independent, intelligent choice based on the alternatives open to him and to plead guilty or not guilty. (*People v. Griffin*, 16 Ill.App.3d 351, 306 N.E. 2d 63.) An accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the acts constituting the crime, or even if his guilty plea contains a protestation of innocence, when he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt. (*North Carolina v. Alford*, 400 U.S. 25, 27 L.Ed.2d 162, 91 S. Ct. 160.) Where, as in the instant case, the defendant was adequately advised of the alternatives of which he could avail himself, the fact that defendant may evaluate the case against him without personal knowledge of all the facts does not vitiate his election of a course of conduct voluntarily and understandably arrived at.

■■ Passing to the next issue, the claim that his sentence was improper, it is our conclusion that defendant's objections are not well taken. After

his arrest defendant requested examination by a doctor in order that the question of his competency at the time of the offense could be ascertained. The examination took place and the doctor furnished his opinion to the defendant but the doctor's opinion offered no support for any claim of incompetence. Later at the defendant's hearing on his request for probation the doctor testified that the defendant might have been under the influence of LSD at the time of the offense, that this would explain his inability to recall the incident and finally the doctor recommended noncustodial treatment as appropriate to the defendant's condition. The trial court rejected the doctor's recommendation and denied defendant's request for probation. It appears undisputed in the record that defendant has several prior felony convictions, had served previous sentences in the penitentiary and had also been convicted of misdemeanors. In view of the defendant's prior history we find no reason for disturbing the sentence of the court.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

SCOTT, P. J., and ALLOY, J., concur.