# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *People v. Stevenson*, 2020 IL App (4th) 180143

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DeANGELO M. STEVENSON, Defendant-Appellee. |
| District & No. | Fourth District<br>No. 4-18-0143 |
| Filed | April 14, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 16-CF-904; the Hon. Thomas E. Griffith Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Todd T. McHenry, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Jay Scott, State's Attorney, of Decatur (Patrick Delfino, David J. Robinson, and Rosario David Escalera Jr., of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE CAVANAGH delivered the judgment of the court, with opinion.<br>Justices Harris and Holder White concurred in the judgment and opinion. |

**OPINION**

¶ 1        The Macon County circuit court denied an amended motion by defendant, DeAngelo M. Stevenson, to withdraw his guilty pleas. Defendant appeals, arguing that the court's guilty plea admonitions were defective. Acknowledging that he has procedurally forfeited this issue by omitting it from the amended motion, defendant invokes the doctrine of plain error. Alternatively, he claims that his defense counsel rendered ineffective assistance by omitting the issue from the amended motion.

¶ 2        We hold that, because the admonitions were not clearly or obviously defective, the doctrine of plain error does not avert the forfeiture. Absent a clear or obvious error in the admonitions, we are unable to say that omitting to object to them was ineffective assistance. Therefore, we affirm the judgment.

¶ 3                              I. BACKGROUND

¶ 4        Through defense counsel, defendant informed the circuit court that he wished to plead guilty to count II of the information filed against him, aggravated battery (720 ILCS 5/12-3.05(d)(2) (West 2016)), and count III, domestic battery (*id.* § 12-3.2(a)(2)). Accordingly, in the morning of August 5, 2016, the circuit court admonished defendant, along with some other defendants who had proposed pleading guilty. The court admonished them together, as a group, telling them that, by pleading guilty, they would be "giving up certain constitutional rights":

> "That would include your right to plea[d] not guilty and to have a trial, either a jury trial or a bench trial. You're giving up your right to confront and cross-examine your accusers, and by entering a guilty plea, you're agreeing that the State can prove the charge or charges against you beyond a reasonable doubt."

See Ill. S. Ct. R. 402(a)(3), (4) (eff. July 1, 2012). At that time, the court did not ask the group of defendants if they understood those admonitions. See Ill. S. Ct. R. 402(a) (eff. July 1, 2012) (providing that the court shall not accept a guilty plea "without first *** determining that [the defendant] understands the" admonitions).

¶ 5        After the circuit court admonished the group of defendants, "proceedings were had in other causes," to quote a parenthetical notation in the transcript. Then defendant's case came up. "Finally, we have 16-CF-904," the circuit court said. The record does not reveal how long the "other causes" had taken, but it was still August 5, 2016—it is still the same transcript. The court stated the terms of the proposed plea agreement between defendant and the State and admonished him further. See Ill. S. Ct. R. 402(a)(1), (a)(2), (b) (eff. July 1, 2012). In these further admonitions, the court asked defendant if he understood the rights the court had discussed earlier:

> "THE COURT: And you were present when I went through your constitutional rights some time ago?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand those rights?
> THE DEFENDANT: Yes, sir."

¶ 6        Finally, after finding a factual basis, the circuit court accepted defendant's guilty pleas to counts II and III. Pursuant to the plea agreement, the court dismissed count I and imposed a sentence of 24 months' probation.

¶ 7 On September 1, 2016, defense counsel moved to withdraw the guilty pleas. On September 12, 2017, a new defense counsel filed an amended motion to withdraw the guilty pleas as well as a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The amended motion never raised any error in the Rule 402(a) admonitions. On February 20, 2018, after hearing evidence, the circuit court denied the amended motion.

¶ 8 This appeal followed.

¶ 9 II. ANALYSIS

¶ 10 Defendant contends that, in its admonitions, the circuit court violated Rule 402(a) in two ways. First, the court admonished defendant as a member of a group. In defendant's view, the court thereby violated the requirement of "addressing the defendant personally." Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Second, after enumerating the constitutional rights that defendant would give up by pleading guilty, the court did not ask him right away if he understood those rights. Instead, the court attended to some other cases and then—"[f]inally," as the court put it—returned to defendant's case and asked him if he understood the constitutional rights the court had discussed earlier. Because of this delay, defendant argues, the court could not have made a valid "determin[ation] that [defendant] underst[ood]" the constitutional rights his proposed guilty pleas would waive. *Id.*

¶ 11 Defendant admits that his amended motion to withdraw his guilty pleas made no mention of the Rule 402(a) admonitions. "Upon appeal[,] any issue not raised by the defendant in the motion to *** withdraw the plea of guilty and vacate the judgment shall be deemed waived," that is to say, forfeited. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Seeking to avert the forfeiture, defendant invokes the doctrine of plain error. See Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967); *People v. Davis*, 145 Ill. 2d 240, 251 (1991); *People v. Armstrong*, 2016 IL App (2d) 140358, ¶ 10. Specifically, he argues that the claimed error in the admonitions was "so serious that [he] was denied a substantial right, and thus a fair trial." *People v. McLaurin*, 235 Ill. 2d 478, 489 (2009). Alternatively, he claims that his defense counsel rendered ineffective assistance by omitting the Rule 402(a) issue from the amended motion to withdraw the guilty pleas. See *People v. Hammons*, 2018 IL App (4th) 160385, ¶ 14 (holding that "a defendant may raise a claim of ineffective assistance for the first time on appeal").

¶ 12 We will address those two theories—plain error and ineffective assistance—one at a time.

¶ 13 A. The Theory of Plain Error

¶ 14 A plain error is, to begin with, plain. A plain error is more than an arguable error; it is "a clear or obvious error." *McLaurin*, 235 Ill. 2d at 489. We ask, then, whether it was a clear or obvious violation of Rule 402(a) for the circuit court to do the following: (1) admonish defendant initially in a group of other defendants and (2) attend to some other cases before turning to defendant again and asking him if he understood the group admonitions the court gave earlier.

¶ 15 We answer that question *de novo* (see *People v. Chavez*, 2013 IL App (4th) 120259, ¶ 14), and our analysis begins with the text of Rule 402(a):

"(a) Admonitions to Defendant. The court shall not accept a plea of guilty or a stipulation that the evidence is sufficient to convict without first, by addressing the

defendant *personally* in open court, informing him or her of and *determining that he or she understands* the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he or she pleads guilty there will not be a trial of any kind, so that by pleading guilty he or she waives the right to a trial by jury and the right to be confronted with the witnesses against him or her; or that by stipulating the evidence is sufficient to convict, he or she waives the right to a trial by jury and the right to be confronted with any witnesses against him or her who have not testified." (Emphases added.) Ill. S. Ct. R. 402(a) (eff. July 1, 2012).

¶ 16 We interpret this supreme court rule the same way we would interpret a statute, giving the words their plain and ordinary meanings (see *People v. Marker*, 233 Ill. 2d 158, 165 (2009)), which can be found in a dictionary (*People v. Perry*, 224 Ill. 2d 312, 330 (2007)). According to the New Oxford American Dictionary, the word "personally" means "with the personal presence or action of the individual specified." New Oxford American Dictionary 1276 (2001). A synonym for "personally" is "in person." *Id.* If the judge is present in person and two or more defendants likewise are present in person and the judge makes clear that he or she is speaking to all of them, the judge can address all of them "personally" at the same time.

¶ 17 This is not to deny the potential pitfalls of *en masse* admonitions, but the pitfalls can be avoided with a thought-out method. Care is required because it would be easy to lose track or get confused. For example, the judge might ask one defendant whether he understands but forget to ask another defendant if she understands. See *United States v. Fels*, 599 F.2d 142 (7th Cir. 1979). Or the judge might ask one defendant if he had been threatened or had been promised anything and forget to ask another defendant that question. See *id.* at 147. Another pitfall would be inviting a general response from a group so large that it would be impossible to tell whether each defendant answered in the affirmative. *United States v. Roblero-Solis*, 588 F.3d 692, 700 (9th Cir. 2009).

¶ 18 In defendant's case, the circuit court avoided those pitfalls by saving for later its dialogue with defendant, the part where the court "determin[ed] that he *** underst[ood]." Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Now, if the court had waited several days to have this dialogue with defendant, there might have been a problem. See *People v. Johns*, 229 Ill. App. 3d 740, 744 (1992) ("It is not enough that the trial court here admonished defendant at the time of an earlier arraignment as to the minimum and maximum sentences applicable for burglary. Substantial compliance with the requirements of Rule 402 may not be found from admonitions given at proceedings prior to the guilty plea proceedings."). But in this case, the court gave a group admonition in the morning, attended to some other cases, apparently while defendant remained in the courtroom or at least in the courthouse, and then took up defendant's case and asked him, individually, if he understood the group admonitions. Defendant answered, "Yes, sir." Was it unjust to take him at his word? See *Davis*, 145 Ill. 2d at 251. Surely not. And nowhere does Rule 402(a) say that the court must *immediately* determine whether the defendant understands the admonitions. Rather, the rule says that the court must make that determination

before "accept[ing] a plea of guilty"—as the court did in this case. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Therefore, we find no clear or obvious error in the Rule 402(a) admonitions, and we hold defendant to his procedural forfeiture of this issue.

¶ 19　　　　　　　B. The Claim That Defense Counsel Rendered Ineffective Assistance

¶ 20　　To prevail on a claim of ineffective assistance, a defendant must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Manning*, 241 Ill. 2d 319, 326 (2011).

¶ 21　　The first element allows ample room for defense counsel to use their professional judgment. A defendant must overcome "the strong presumption that counsel's performance fell within [the] wide range of reasonable professional assistance." *People v. Palmer*, 162 Ill. 2d 465, 476 (1994). In this case, defendant has failed to overcome that strong presumption. His critique of the Rule 402(a) admonitions is debatable. Omitting to raise a debatable point is "within [the] wide range of reasonable professional assistance." *Id.*

¶ 22　　　　　　　　　　　III. CONCLUSION

¶ 23　　In sum, the Rule 402(a) issue is forfeited, and the doctrine of plain error does not avert the forfeiture. The alternative claim of ineffective assistance fails for failure to establish the element of deficient performance. Therefore, we affirm the circuit court's judgment.

¶ 24　　Affirmed.