NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200209-U

NO. 4-20-0209

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 21, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ROY A. CASTRO MONTAGUE, | ) | No. 18CF106 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted appointed counsel's motion to withdraw and affirmed the trial court's dismissal of defendant's postconviction petition.

¶ 2    Defendant, Roy A. Castro Montague, appeals the dismissal of his postconviction petition at the second stage of postconviction proceedings. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD moves to withdraw on the basis that it can raise no meritorious argument that the Champaign County circuit court erred in dismissing the petition. We grant OSAD's motion to withdraw and affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Defendant was charged with unlawful possession of cannabis with intent to deliver (720 ILCS 550/5(e) (West 2018)), two counts of unlawful possession of a controlled

substance with intent to deliver (720 ILCS 570/401(a)(10.9), (g) (West 2018)), and two counts of controlled substance trafficking (*id.* § 401.1(a)).

¶ 5          Defendant entered a negotiated plea agreement in which he pled guilty to unlawful possession of cannabis with intent to deliver and one count of unlawful possession of a controlled substance with intent to deliver in exchange for the State's agreement to cap its sentencing recommendation at five years' imprisonment and to dismiss the remaining charges. The parties also agreed that defendant would pay certain monetary assessments.

¶ 6          Before accepting defendant's plea, the trial court admonished defendant and two other criminal defendants who were entering guilty pleas that day concerning their rights. Relevant to this appeal, the court stated:

> "I'm required to advise you that if you are not currently a citizen of the United States then a conviction of the offense with which you've been charged may result in your deportation, your exclusion from admission to the United States or denial of naturalization under the laws of the United States. Again, only if you are not currently a citizen."

¶ 7          The trial court then addressed defendant individually. The court explained the charges and possible penalties defendant faced and asked defendant if he understood. Defendant said that he understood. The court asked defendant if he understood the rights it had just explained. Defendant again said that he understood. The State gave a factual basis for the plea, and defense counsel agreed that the State would be able to produce evidence substantially as indicated if the matter went to trial. Defendant indicated that he still wished to plead guilty, and the court accepted his plea, finding it was knowing and voluntary.

¶ 8        Following a sentencing hearing, the court imposed concurrent sentences of five years' imprisonment for each offense. Defendant did not file a direct appeal.

¶ 9        Defendant filed a postconviction petition through private counsel. In the petition, defendant alleged that his guilty plea was not knowingly and intelligently made and was therefore involuntary because plea counsel failed to advise him of the immigration consequences of his plea. Defendant alleged he was not a United States citizen but had resided in the United States since he was four years old. He had a green card prior to his plea in the instant case. After defendant pled guilty, he learned that the United States government was initiating removal proceedings against him. Plea counsel never discussed the possibility of removal with defendant. Defendant alleged that if he had "known that he would potentially be deported by pleading guilty ***, he would have risked going to trial and getting a greater sentence for the chance of being found not guilty and not being deported." Defendant alleged that the trial court's admonishment did not cure the prejudice he suffered because it was directed to multiple defendants and not to defendant specifically. Defendant also did not recall receiving the admonition.

¶ 10        Postconviction counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 11        The State filed a motion to dismiss the postconviction petition.

¶ 12        The trial court granted the State's motion to dismiss, finding that defendant had failed to make a substantial showing of a deprivation of a constitutional right. The court reasoned that, pursuant to the holding in *People v. Valdez*, 2016 IL 119860, the court's admonitions regarding the potential immigration consequences of the plea cured any prejudice resulting from counsel's failure to discuss this matter with defendant. The court stated that its procedure of admonishing multiple defendants of their basic plea rights at the same time and then addressing

each case individually was an accepted and proper practice. The court noted it had asked defendant individually if he understood the rights that it had explained and defendant had indicated he understood.

¶ 13		Defendant appealed the dismissal of his postconviction petition, and OSAD was appointed to represent him. OSAD filed a motion to withdraw as counsel on the basis that it could raise no meritorious argument on appeal. We granted defendant leave to file a response to OSAD's motion. Defendant has not filed a response.

¶ 14		II. ANALYSIS

¶ 15		A. Ineffective Assistance of Plea Counsel

¶ 16		OSAD contends defendant cannot make a substantial showing of ineffective assistance of plea counsel based on counsel's alleged failure to inform him of the potential immigration consequences of his guilty plea. Specifically, OSAD contends, under the holding in *Valdez*, any prejudice defendant suffered was cured when the trial court admonished him pursuant to section 113-8 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-8 (West 2018)). Section 113-8 of the Code provides that, before accepting a guilty plea, the trial court shall advise the defendant in open court as follows: " 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization under the laws of the United States.' "

¶ 17		Individuals convicted of criminal offenses may challenge their convictions on grounds of constitutional violations under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). There are three stages of postconviction proceedings under the Act. *People v. Domagala*, 2013 IL 113688, ¶ 32. At the first stage, the trial court may dismiss a

postconviction petition that is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018). If a petition survives first-stage review, it advances to the second stage where counsel may be appointed to assist an indigent defendant, and the State may file a motion to dismiss or an answer to the petition. *Id.* §§ 122-4, 122-5 (West 2018); *Domagala*, 2013 IL 113688, ¶ 33. At the second stage, "the circuit court must determine whether the petition and any accompanying documentation make a 'substantial showing of a constitutional violation.' " *Id.* (quoting *People v. Edwards*, 197 Ill. 2d 239, 246 (2001)). If the petitioner succeeds in making a substantial showing of a constitutional violation, a third-stage evidentiary hearing is held. *Id.* ¶ 34.

¶ 18    Where, as in the instant case, a postconviction petition is dismissed at the second stage of proceedings, the question on appeal is whether the allegations in the petition, taken as true, make a substantial showing of a constitutional violation. *Id.* ¶ 35. "The dismissal of a postconviction petition without an evidentiary hearing is reviewed *de novo.*" *People v. Sanders*, 2016 IL 118123, ¶ 31.

¶ 19    Criminal defendants are guaranteed the right to effective assistance of counsel under both the United States Constitution and the Illinois Constitution. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient and (2) defendant was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). In order to show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

¶ 20    We find our supreme court's decision in *Valdez*, 2016 IL 119860, to be instructive. In *Valdez*, the defendant argued that his plea counsel was ineffective for failing to advise him that his burglary conviction would subject him to mandatory deportation. *Id.* ¶ 13. The *Valdez* court held that plea counsel's performance was deficient because counsel gave the defendant no advice concerning the immigration consequences of his guilty plea. *Id.* ¶ 27. The court further held, however, that any prejudice resulting from counsel's failure to so advise the defendant was cured by the trial court's admonitions pursuant to section 113-8 of the Code. *Id.* ¶ 32.

¶ 21    In the instant case, like in *Valdez*, the trial court fully complied with section 113-8 of the Code before accepting defendant's guilty plea. The court advised defendant and two other criminal defendants that if they were not United States citizens, conviction of the offenses they were charged with could result in deportation, exclusion from admission to the United States, or denial of naturalization. The court asked defendant individually if he understood the rights it had explained to all three defendants, and defendant indicated that he understood. The court's procedure of simultaneously admonishing multiple defendants of their rights and then addressing them individually was not improper. See *People v. Stevenson*, 2020 IL App (4th) 180143, ¶¶ 16-18.

¶ 22    Thus, as in *Valdez*, the court's compliance with section 113-8 of the Code cured any prejudice caused by plea counsel's alleged failure to advise defendant regarding the potential immigration consequences of his guilty plea. See *Valdez*, 2016 IL 119860, ¶ 32. Because defendant cannot show he was prejudiced by plea counsel's alleged deficiencies, his claim of a substantial showing of ineffective assistance of plea counsel is untenable.

¶ 23    B. Reasonable Assistance of Postconviction Counsel

¶ 24　　　　　OSAD also contends it can raise no colorable argument defendant received unreasonable assistance of postconviction counsel.

¶ 25　　　　　We agree that no meritorious argument may be raised that defendant received unreasonable assistance of postconviction counsel. The record in this case shows postconviction counsel filed a certificate of compliance with Rule 651(c) stating that he consulted with defendant by phone and mail to ascertain his contentions of deprivation of constitutional rights, examined the trial court file and record of proceedings, and made any amendments to the postconviction petition that were necessary for an adequate presentation of defendant's contentions. This created a rebuttable presumption that counsel provided a reasonable level of assistance. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. Nothing in the record rebuts this presumption. Indeed, the record corroborates the assertions in the Rule 651(c) certificate in several respects. For example, postconviction counsel raised a claim that was based on information outside the record, which indicates he consulted with defendant to determine his contentions of error. Also, postconviction counsel attached the transcript of the guilty plea hearing to the petition, which supports his assertion in the Rule 651(c) certificate that he reviewed the hearing transcripts.

¶ 26　　　　　　　　　　　　　　III. CONCLUSION

¶ 27　　　　　For the reasons stated, we grant OSAD's motion to withdraw as counsel and affirm the circuit court's judgment.

¶ 28　　　　　Affirmed.