John E. Gambill, of Rantoul, for appellant.

No appearance for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LIONEL MORRIS, Defendant-Appellant.

(No. 72-24;

Fifth District—December 11, 1974.

Robert E. Farrell, of State Appellate Defender's Office, of Mt. Vernon, for Appellant.

Howard Hood, State's Attorney, of Murphysboro (Ralph J. Mendelsohn, of Illinois Model State's Attorneys Support Unit, of counsel), for the People.

PER CURIAM:

A true bill of indictment was returned by the grand jury charging defendant with murder. The State moved to dismiss the indictment and made a motion to file an amended information reducing the alleged offense of murder to the charge of voluntary manslaughter. The motion was allowed, and the defendant pleaded guilty to manslaughter. The court accepted the plea and sentenced the defendant to not less than 5 nor more than 9 years in the penitentiary. The sentence was in accordance with a plea agreement negotiated between the defendant and the State. From this conviction and sentence the defendant appeals.

The issues on appeal involve an interpretation of Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, par. 402) regarding pleas of guilty. The specific issues arising under Supreme Court Rule 402 are:

1. Did the trial court as required by Rule 402(a)(4) determine that the defendant understood that if he pleaded guilty he waived his right to trial by jury?

2. Did the trial court as required by Rule 402(b) determine prior to accepting defendant's guilty plea that his plea was voluntary?

3. Did the trial court as required by Rule 402(c) determine that there was a factual basis for the plea prior to entering a final judgment on the plea?

Any discussion of the requirements of Rule 402 must be prefaced with the acknowledgment that the Rule states that there must be "substantial compliance" with its provisions, not literal compliance. This means that in each case the court must examine the particular situation to determine if in its opinion there has been substantial compliance. In *People v. Garcia,* 8 Ill.App.3d 542, 289 N.E.2d 637, the court stated what we believe to be the proper approach to the application of Rule 402, namely whether there has been such compliance with the rule that its beneficial effect will be achieved.

■■ The defendant first contends that the trial court did not determine that he understood that by pleading guilty he was waiving his right to a jury trial. An understanding waiver is required by Rule 402(a)(4). An examination of the record reveals that the trial court did determine that the defendant understood both his right to trial by jury and that by pleading guilty he would waive that right. The trial court told the defendant of his right to have a trial by jury. The defendant replied that he understood that right. The actual waiver of trial by jury was made by the defendant signing a written form with the waiver clearly stated and also designated in the heading of the form. The defendant was asked if he had read the form and if he understood it. He responded affirmatively to both questions. The record shows, therefore, that the written form which was phrased in clear and simple language was read and understood by the defendant prior to signing and submitting it to the court. Furthermore, the trial court established that the defendant had a full and complete opportunity to discuss all of his rights with his attorney.

The cases cited by the defendant are not persuasive. In *People v. Rambo,* 123 Ill.App.2d 299, 260 N.E.2d 119, the trial court did not ask the defendant if he had read and understood the written waiver he had signed. In *People v. Roberts,* 5 Ill.App.3d 840, 284 N.E.2d 298, the court had to infer from the record whether or not an indictment had been effectively waived. In the instant case no such inference was necessary.

■■ The defendant next contends that the trial court failed to comply with Rule 402(b) which requires that before acceptance of a guilty plea the court must determine that the plea is voluntary. Specifically the defendant alleges that the trial court did not determine whether any force or threats or promises, apart from the plea agreement, were used to obtain the plea. In *People v. Hendrickson,* 11 Ill.App.3d 219, the court held that failure to inquire as to force or threats or any promises is error. In the instant case we would point out that the written plea and jury waiver form which the defendant signed included a clear and concise statement that no threats or promises had been made by anyone to cause him to enter his plea. The defendant acknowledged that he read and understood the instrument. We believe that this was substantial compliance with Rule 402(b). We find no words of art in this rule. It states that the court "* * * shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." While an obvious method of making this determination would be to ask the defendant directly if there were any force or threats or promises apart from a plea agreement, the language of the section does not so require. It says that the court "shall determine." In the instant case the

form signed by the defendant states that the plea was voluntary, a declaration which is inconsistent with the use of force. The plea was accepted only after submission of the written form followed by a determination of whether the defendant had read it and understood it and wished the court to accept it. Thus we hold that the record does show that a determination regarding force, threats, or promises was made.

Next the defendant contends that the trial court failed to ascertain whether there was a factual basis for the guilty plea as required by Rule 402(c). Defendant relies on this court's opinion in *People v. Dye*, 7 Ill. App.3d 805, 806, 288 N.E.2d 537, wherein the defendant was asked " "* * * * *do you still say you are guilty as charged in the indictment? * * *' " The court held that defendant's affirmative answer did not establish that a factual basis existed. In the instant case, however, the trial court here twice addressed the defendant and stated clearly the essential elements and requisite intent constituting the offense. Under these circumstances, we find that defendant's voluntary plea of guilty was an admission of the acts charged and established sufficient facts upon which the court could determine that a factual basis existed.

■■ Both parties agree that the 5- to 9-year sentence imposed does not comport with the provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1971, ch. 38, par. 1001—1—1 *et seq.*), particularly with that portion which provides that for a Class 2 felony the minimum sentence shall be no more than one-third of the maximum. We therefore reduce the minimum to time served, and the maximum sentence shall remain at 9 years.

Affirmed as modified.