THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DALE A. BAKER, Defendant-Appellant.

Fifth District   No. 5—84—0212

Opinion filed April 30, 1985.

Randy E. Blue and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Dale Baker, defendant, pleaded guilty but mentally ill to charges of home invasion, indecent liberties with a child and attempted deviate sexual assault. There were no negotiations between the parties as to the sentences defendant should receive. Defendant was sentenced to six years' imprisonment for home invasion and four years' imprisonment for indecent liberties with a child and attempted deviate sexual assault; the latter two sentences to be served concurrently, but consecutive to the sentence for home invasion. Defendant subsequently filed a motion to withdraw his pleas, and the motion was denied. On appeal, defendant contends that his pleas of guilty but mentally ill must be vacated in light of the court's failure to advise him of the possibility of consecutive sentences, and that the court erred in imposing consecutive sentences.

Supreme Court Rule 402(a)(2) (87 Ill. 2d R. 402(a)(2)) provides:

"The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing

him of and determining that he understands the following:

* * *

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences."

■■ In this case, while defendant asserts that the failure to advise him that he could receive consecutive sentences requires that his pleas be vacated, examination of the record reveals the following exchange between the court and defendant at the guilty plea hearing:

"Q. There are also statutory factors which the court is required to consider and it is a possibility, sir, a possibility that you could be sentenced to a term of or a term in the penitentiary for as long as thirty years. Do you understand that?

A. Yes."

Our supreme court has consistently held that Rule 402 requires only substantial, not literal, compliance with its provisions, and that every deviation from the stated requirements of the rule does not necessitate reversal. (*People v. McCoy* (1979), 74 Ill. 2d 398, 402, 385 N.E.2d 696.) Substantial compliance with Rule 402 means such compliance as will assure that the beneficial effect of the rule will be achieved. (*People v. Morris* (1974), 24 Ill. App. 3d 1049, 1050, 322 N.E.2d 582.) In this case, while defendant was not told that he could receive consecutive sentences, he was informed that he could receive a sentence of up to 30 years in prison. Given that his actual aggregate sentence was much less than 30 years, we are unable to say that the court's omission operated to the prejudice of the defendant, or that Rule 402 was not substantially complied with. (*Cf. People v. Miller* (1982), 107 Ill. App. 3d 1078, 1085, 438 N.E.2d 643 (substantial compliance notwithstanding trial court's failure to inform defendant of mandatory supervised release term, where sentence imposed together with mandatory supervised release period was considerably shorter than maximum term that defendant was told he could receive).) The cases relied on by defendant, *People v. Brownell* (1980), 86 Ill. App. 3d 697, 700, 408 N.E.2d 304, and *People v. Lundeen* (1977), 55 Ill. App. 3d 799, 371 N.E.2d 329, are distinguishable; in both *Brownell* and *Lundeen* the defendants received prison sentences capable of exceeding the maximum term to which they were told a guilty plea might subject them.

■■ ■ Defendant next contends that the court erred in ordering that defendant's concurrent four-year terms for indecent liberties and attempted deviate sexual assault be served consecutive to his six-year

term for home invasion. We agree. Section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4(a)) provides that consecutive sentences shall not be imposed "for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." Under this provision, the imposition of consecutive sentences depends upon both the existence of separate and distinct acts and separate motivation behind those acts. (*People v. Perruquet* (1983), 118 Ill. App. 3d 293, 295, 454 N.E.2d 1055.) In this case, nothing of record establishes that there was a substantial change in the nature of defendant's criminal objective during the commission of the offenses, and the sentences must be modified to run concurrently. See *People v. Morgan* (1976), 44 Ill. App. 3d 459, 467, 358 N.E.2d 280.

For the foregoing reasons, the sentences imposed on defendant are modified to run concurrently, and the remainder of the judgment is affirmed.

Affirmed as modified.

JONES, P.J., and WELCH, J., concur.