# ILLINOIS OFFICIAL REPORTS

> ### *People v. Chavez*, 2013 IL App (4th) 120259

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT ISREAL CHAVEZ, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0259 |
| Filed | September 16, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions on two counts of unlawful delivery of a controlled substance were upheld over his contentions that he was not properly admonished of the possible maximum sentences prior to entering his guilty plea, since the trial court substantially complied with Supreme Court Rule 402(a)(2) by advising defendant of the minimum and maximum penalties, the possibility of consecutive sentences, and how consecutive sentences work. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 10-CF-531; the Hon. Robert L. Freitag, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Daaron V. Kimmel, all of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Patrick Delfino, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE POPE delivered the judgment of the court, with opinion.

Justices Knecht and Turner concurred in the judgment and opinion.

## OPINION

¶ 1    In June 2010, a McLean County grand jury indicted defendant, Albert Isreal Chavez, on two counts of unlawful delivery of more than 1 gram but less than 15 grams of a controlled substance (720 ILCS 570/401(c)(2) (West 2010)) (counts I and II), and three counts of unlawful delivery of more than 15 grams but less than 100 grams of a controlled substance (720 ILCS 570/401(a)(2)(A) (West 2010)) (counts III, IV, and V). In May 2011, defendant pleaded guilty to counts III and V. In August 2011, the trial court sentenced defendant to consecutive sentences of 20 years' imprisonment on count III and 30 years' imprisonment on count V. In September 2011, defendant filed a motion to withdraw guilty plea and reconsider sentence. The court denied those motions.

¶ 2    Defendant appeals, arguing the trial court erred in denying his motion to withdraw guilty plea as his plea was not voluntarily and knowingly made. He contends the court failed to properly admonish him of the possible maximum sentence as required by Illinois Supreme Court Rule 402(a) (eff. July 1, 1997). We disagree and affirm.

¶ 3                  I. BACKGROUND

¶ 4    On June 9, 2010, a McLean County grand jury indicted defendant on two counts of unlawful delivery of more than 1 gram but less than 15 grams of a controlled substance (720 ILCS 570/401(c)(2) (West 2010)) (counts I and II), and three counts unlawful delivery of more than 15 grams but less than 100 grams of a controlled substance (720 ILCS 570/401(a)(2)(A) (West 2010)) (counts III, IV, and V).

¶ 5    On May 2, 2011, defendant appeared before the trial court to enter an open guilty plea on counts III and V. The court admonished defendant as follows:

"Sir, each one of those charges are Class X [f]elonies. What that means is they each carry penalties of incarceration in the Illinois Department of Corrections. Probation is not available as a sentence on either one of those charges. So if you plead guilty, the court

-2-

must sentence you to a term in the Department of Corrections. The mandatory minimum term for those offenses is six years in the Department of Corrections. The maximum penalty that could be imposed is up to 30 years in the Department of Corrections or any term between six and 30 years can be imposed. Any sentence to the Department of Corrections on this charge will also be followed by a three-year term of mandatory supervised release, what some people still call parole."

Defendant affirmatively told the court he understood the sentencing range.

¶ 6        The State informed the trial court it would request discretionary consecutive sentences (see 730 ILCS 5/5-8-4(c) (West 2010)) at sentencing, stating:

"[Prosecutor]: Your Honor, before I do that, I do want to make the–make one note on the record and counsel is aware of this and I believe he's informed his client. The State intends to request discretionary consecutive sentences at sentencing under 730 ILCS 5/5-8-4(b)."

The court explained to defendant:

"[Defendant], I want to make sure you understand what the State just said. Under the law since you are pleading guilty to two charges the law said in this case these are sentences which can be either consecutive or concurrent. There are some situations where consecutive sentences are mandatory. This is not one of those cases. What that means is the court, when it sentences you on these two charges, it's going to be up to the court. The court could sentence you to concurrent terms, that means for instance, if I were to sentence you to six years on each charge, they would run at the same time. It would be one six-year sentence. Or, if the court makes certain factual findings, the court could sentence you to consecutive sentences, which means one after the other. So, again, if it were six-year terms, it would be six and six or a 12-year total term *or any other term that could be imposed*.

Now, I want to make sure you understand that the State is going to be asking the court to do that. That is a possibility, but it's not mandatory, so I'll hear all the evidence; and then the court will decide that at the sentencing hearing, but consecutive sentences are a possibility as a result of your pleas here today. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Any questions about that at all?

THE DEFENDANT: No." (Emphasis added.)

¶ 7        According to the factual basis, defendant sold cocaine to a confidential informant in April 2010 and an undercover Bloomington detective in May 2010. Defendant pleaded guilty to counts III and V. The street value of the drugs sold on these two occasions was $4,500.

¶ 8        On August 29, 2011, the trial court held a sentencing hearing. The court sentenced defendant to 20 years' imprisonment on count III and 30 years' imprisonment, consecutive to count III, on count V.

¶ 9        On September 19, 2011, defendant filed a combined motion to withdraw plea and reconsider sentence. In February 2012, the trial court held a hearing on defendant's motion. The court found it had admonished defendant at the guilty plea hearing of the possible

penalties, including the State's position "they were seeking discretionary consecutive sentences." The court further found the record showed defendant understood the possibility of consecutive sentences and the court's admonishments. The court denied defendant's motions.

¶ 10    This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, defendant argues the trial court erred in denying his motion to withdraw guilty plea as his plea was not voluntarily and knowingly made. He contends the court failed to properly admonish him of the possible maximum sentence as required by Rule 402(a). Specifically, defendant asserts "the trial court never informed him of the maximum aggregate sentence he faced based on the combination of charges to which he was pleading guilty." We disagree and affirm.

¶ 13                          A. Standard of Review

¶ 14    We review the trial court's decision to deny a defendant's motion to withdraw guilty plea for an abuse of discretion. *People v. Delvillar*, 235 Ill. 2d 507, 519, 922 N.E.2d 330, 338 (2009). We review *de novo* whether the trial court properly admonished defendant and complied with Rule 402(a). See *People v. Hayes*, 336 Ill. App. 3d 145, 147, 782 N.E.2d 787, 789 (2002).

¶ 15                              B. Rule 402(a)

¶ 16    Rule 402(a) requires the trial court to admonish a defendant of "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." Ill. S. Ct. R. 402(a)(2) (eff. July 1, 1997).

¶ 17                    C. The Trial Court's Admonishments

¶ 18    Defendant concedes the trial court admonished him the maximum term for each count was 30 years and explained the meaning of consecutive sentences. However, defendant asserts the court erred by not explaining "consecutive sentences could add up to an aggregate sentence greater than the previously-mentioned maximum penalty of thirty years."

¶ 19    The trial court informed defendant counts III and V were Class X felonies and the sentencing range was 6 to 30 years in the Illinois Department of Corrections. Defendant affirmatively told the court he understood the sentencing range. The State informed the court it would seek consecutive sentences and indicated defense counsel had discussed consecutive sentencing with defendant. The court explained the difference between concurrent and consecutive sentences and gave examples of how concurrent and consecutive sentences work. Defendant affirmatively told the court he understood the court's explanation. Thus, defendant cannot now argue he did not understand he was subject to the sentences the court imposed.

¶ 20    Defendant suggests the trial court should have admonished him he was potentially subject to 60 years in prison. Defendant cites no case to support this proposition. Illinois Supreme Court Rule 402(a) (eff. July 1, 1997) requires a court to substantially comply with certain admonitions prior to accepting a defendant's plea of guilty. *People v. Baker*, 133 Ill. App. 3d 620, 622, 479 N.E.2d 372, 373 (1985). Literal compliance is not required. *Id.* See also *People v. Dismore*, 33 Ill. App. 3d 495, 501-02, 342 N.E.2d 151, 156-57 (1975). Substantial compliance is such that assumes the beneficial effect of the rule will be achieved. *People v. Morris*, 24 Ill. App. 3d 1049, 1050, 322 N.E.2d 582, 583 (1974). An imperfect admonishment does not require reversal unless real justice has been denied or prejudice resulted from the inadequate admonishment. *People v. Medina*, 221 Ill. 2d 394, 407, 851 N.E.2d 1220, 1227 (2006) (citing *People v. Whitfield*, 217 Ill. 2d 177, 195, 840 N.E.2d 658, 669 (2005)).

¶ 21    While a perfect admonishment might state the maximum aggregate sentence in years, as noted above perfection is not required. We find defendant's due process rights were protected when the trial court advised him of the minimum and maximum penalties for the offense, the possibility of consecutive sentences for any term imposed, and explained, with examples, how consecutive sentencing would work. Defendant told the court he understood the explanation of the potential consecutive sentences and we are confident that he did.

¶ 22    Because the trial court substantially complied with Illinois Supreme Court Rule 402(a)(2) (eff. July 1, 1997) when it admonished defendant, it did not abuse its discretion in denying defendant's motion to withdraw guilty plea.

¶ 23                              III. CONCLUSION

¶ 24    For the reasons stated, we affirm the trial court's judgment. As part of our judgment we award the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002(a) (West 2010).

¶ 25    Affirmed.