NOTICE

Decision filed 03/15/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220270-U

NO. 5-22-0270

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 19-CF-1617 |
| | ) | |
| AVERY F. FALCONER, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Vaughan and McHaney concurred in the judgment.

**ORDER**

¶ 1　　*Held*:　Where defendant failed to establish that preplea counsel was ineffective, the record showed that his guilty plea was voluntary, postplea counsel complied with Rule 604(d), and defendant's fully negotiated plea prohibited him from challenging his sentence, the circuit court did not err in denying him leave to withdraw the plea, and as any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2　　Defendant, Avery F. Falconer, appeals the circuit court's order denying his motion to withdraw his guilty plea. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that no meritorious grounds for an appeal exist. Accordingly, it has filed a motion to withdraw as counsel (see *Anders v. California*, 386 U.S. 738 (1967)) along with a supporting memorandum. OSAD notified defendant of its motion. This court provided him with an opportunity to file a response and he has done so. However, after considering OSAD's

1

motion to withdraw, its supporting memorandum, and defendant's response, we agree with OSAD that no arguably meritorious issue exists. Accordingly, we grant OSAD leave to withdraw as counsel and affirm the circuit court's judgment.

¶ 3                                            BACKGROUND

¶ 4     Defendant was charged with delivery of a controlled substance. In May 2018, defense counsel stated on the record that the State had made a plea offer. However, after reviewing discovery, defendant rejected it. The case was subsequently set for trial three times.

¶ 5     In October 2021, defendant agreed to plead guilty in exchange for a six-year sentence. The court explained to defendant his right to a bench trial or a jury trial and that it was his choice whether to go to trial. The court also explained the State's burden of proof and defendant's right to confront witnesses, present evidence of his own, and to testify or not. The court also explained that by pleading guilty, defendant would be giving up all the rights the court had just explained. Defendant assured the court that he understood these rights and that his decision to plead guilty was voluntary. No one had coerced or threatened him.

¶ 6     The court granted defendant a 30-day furlough before reporting to prison. Defendant stated that he had been promised an opportunity for drug treatment while in prison and the court agreed to recommend it. Otherwise, no one had promised him anything beyond the terms of the agreement.

¶ 7     The factual basis was that officers executing a search warrant at defendant's home discovered 1.6 grams of cocaine. Defendant admitted that he was unemployed and had been selling crack cocaine for the past year.

¶ 8     The prosecutor stated that defendant had prior convictions of domestic battery, possession with intent to deliver, resisting, driving under the influence (DUI), driving with a revoked license,

2

and aggravated DUI. The court entered a judgment of guilty and imposed the agreed-upon sentence.

¶ 9 Later that day, defendant filed a motion to withdraw his guilty plea. The circuit court appointed new counsel who filed an amended motion.

¶ 10 At a hearing on that motion, defendant testified that he met with his original counsel six or seven times before the guilty plea. He asked several times that the case be set for trial. He wanted counsel to demand a speedy trial, but counsel told him there were no grounds for a speedy trial demand and the case was never set for trial. Defendant did not see the discovery until "the last few court dates." Counsel pressured him to accept the plea even though he did not want to do so. Had he not been pressured by defense counsel, defendant "possibly would have gone to trial," or he would have tried to get a better deal.

¶ 11 Defendant's original counsel testified that defendant repeatedly said that he did not want to go to trial. Nevertheless, counsel "gave him his options" including going to trial, entering an open plea, or accepting an offer. Counsel believed that the State's original offer was for 15 years, but he negotiated it down to 6. Counsel asked defendant "at least 20 times" if he wanted to go to trial and defendant always said that he did not. Defendant wanted him to try to get less than six years but, after speaking with the prosecutor, he believed that was not possible. Counsel was concerned because the "evidence was solid." He believed that if defendant went to trial "he would get double digits."

¶ 12 Counsel testified that he reviewed "every page" of discovery with defendant. According to his calendar, he met with defendant at least 22 times prior to the plea. He offered to show the specific dates on which he met with defendant.

¶ 13 In argument, the prosecutor contended that there was no speedy-trial violation. During most of the time the case was pending, the supreme court had suspended the speedy-trial statute due to the COVID pandemic. Moreover, defendant was in court when continuances were requested and never personally objected.

¶ 14 The prosecutor stated that, given defendant's criminal record, he would not have offered less than six years. He opined that defendant was reluctant to take the plea only because he did not want to go to prison. The prosecutor continued:

"When he says he's coerced, he means that his attorney gave him advice and his advice was to take the deal because, if he went to trial, he risked substantially worse and there wasn't a better deal to be had. He doesn't like that he took his attorney's advice, but there's absolutely nothing here that says the defendant did not knowingly and understandingly plead guilty."

¶ 15 The court denied the motion. The court noted that defendant's testimony about being coerced was vague and, in at least one respect, contradicted by the record. Although defendant testified that the case was never set for trial, the record showed that it was set at least twice. The court found defendant's testimony incredible while finding counsel's detailed and specific testimony credible. Defendant timely appealed.

¶ 16                                    ANALYSIS

¶ 17 OSAD contends that the only issues defendant could conceivably raise are whether (1) postplea counsel complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), (2) defendant's guilty plea was knowing and voluntary, (3) the court erred in denying the motion to withdraw, and (4) there was any error in sentencing. OSAD concludes that these issues lack even arguable merit. We agree.

4

¶ 18    Initially, there is no viable contention that postplea failed to comply with Rule 604(d).  The rule requires that counsel appointed to represent a defendant on a postplea motion shall

> "file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."  Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Here, counsel filed a certificate closely tracking the rule's language.  Thus, there is no viable issue regarding counsel's compliance with the rule.

¶ 19    OSAD's second and third issues are closely related.  OSAD's second issue—whether the plea was voluntary—focuses on the initial plea hearing.  Due process requires that a guilty plea be knowing and voluntary.  *People v. Kidd*, 129 Ill. 2d 432, 443 (1989).  To help ensure that a guilty plea is in fact voluntary, Illinois Supreme Court Rule 402 requires a circuit court to admonish a defendant of: (1) the nature of the charge, (2) the minimum and maximum sentence, (3) the right to plead not guilty, and (4) that a guilty plea will waive the right to trial.  Ill. S. Ct. R. 402(a) (eff. July 1, 2012).  The court must also state the terms of any plea agreement and confirm the defendant's understanding of them.  *Id.*  We review *de novo* whether the court substantially complied with the rule.  *People v. Chavez*, 2013 IL App (4th) 120259, ¶ 14.

¶ 20    Here, the court told defendant the charge and the possible penalties, including the possibility of an extended-term sentence of as much as 30 years.  The court described the right to a trial and that defendant would give up those rights by pleading guilty, but that defendant had a

right to plead not guilty. In each case, defendant stated that he understood. Indeed, defendant's motion to withdraw did not focus on the circuit court's admonishments but rather on defense counsel's alleged ineffectiveness. Thus, there is no meritorious argument that the circuit court failed to comply with Rule 402 and, thus, defendant's plea was presumptively voluntary.

¶ 21 OSAD next concludes that there is no good-faith argument that the court erred by denying defendant's motion to withdraw the plea. A defendant does not have an automatic right to withdraw a guilty plea. Withdrawal should be allowed where the plea was entered through a misapprehension of the facts or of the law or there is doubt of the defendant's guilt and justice would be better served by conducting a trial. *People v. Delvillar*, 235 Ill. 2d 507, 520 (2009).

¶ 22 Defendant's amended motion to withdraw the plea alleged that his original counsel coerced him into accepting the plea offer, that he refused to demand a speedy trial and instead requested continuances, and that he failed to review discovery with defendant until shortly before the plea hearing. Defendant testified that counsel met with him approximately six times. He claimed that that he did not want to take the plea, but counsel told him that he should. He testified that he "possibly would have gone to trial" had he not been pressured by counsel, or he would have tried to get a better deal.

¶ 23 By contrast, counsel testified that he met with defendant at least 22 times and thoroughly reviewed the discovery with him. Defendant repeatedly told him that he did *not* want to go to trial. Counsel acknowledged that he advised defendant to accept the six-year offer because he did not think that defendant could get a better one and the State's evidence should the case go to trial appeared strong. However, he told defendant that the decision was his and he would take the case to trial if defendant wanted.

¶ 24   The circuit court found counsel's testimony more credible, as it was more specific. Moreover, defendant's testimony was directly contradicted by the record on at least one critical point. But even taking defendant's testimony at face value did not require the court to allow defendant to withdraw his plea.

¶ 25   We note that defendant filed his motion alleging that counsel coerced him into accepting the plea literally hours after assuring the court that no one had coerced him. Moreover, his only evidence of "coercion" was that counsel advised him to accept the State's offer. An attorney's honest assessment of a defendant's chances at trial cannot support a claim that counsel's ineffective assistance rendered a plea involuntary. *People v. Wilson*, 295 Ill. App. 3d 228, 237 (1998). Here, counsel's advice appears to have been reasonable under the circumstances. The factual basis showed that officers executing a search warrant at defendant's home found cocaine, and defendant admitted that he had been selling it. Moreover, despite his lengthy criminal record, the six-year sentence to which defendant agreed was only two years longer than the minimum sentence he faced.

¶ 26   In any event, defendant never testified that he would definitely have rejected the State's offer had counsel not "coerced" him. He said only that he "possibly would have gone to trial" or perhaps would have held out for a better offer. However, the prosecutor confirmed defense counsel's belief that a better offer would not have been forthcoming. To establish a claim that counsel was ineffective, a defendant must show that it is at least arguable that counsel's performance was objectively unreasonable, and that counsel's substandard performance prejudiced him. *People v. Hodges*, 234 Ill. 2d 1, 17 (2009) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). To establish prejudice in the context of a guilty-plea proceeding, a defendant

must show that there is a reasonable probability that, absent counsel's errors, he would have pleaded not guilty and insisted on going to trial. *People v. Hall*, 217 Ill. 2d 324, 335 (2005).

¶ 27 Finally, OSAD concludes that no meritorious issue regarding defendant's sentence exists. We agree, given that defendant has waived the right to contest his sentence.

¶ 28 Defendant here entered a fully negotiated plea, *i.e.*, he pleaded guilty in exchange for a specific sentence. A defendant who does so may not challenge his sentence without successfully moving to withdraw the plea. *People v. Richard*, 2012 IL App (5th) 100302, ¶ 24 (citing *People v. Evans*, 174 Ill. 2d 320, 332 (1996)). As we have found that defendant's motion to withdraw his plea was properly denied, he could not proceed with a motion to reconsider the sentence (which in any event he has not filed).

¶ 29 Defendant's response largely reiterates the allegations of his motion to withdraw. Defendant testified to these points at the hearing and the circuit court did not find his testimony credible. Defendant neither explains why the court's credibility findings were unreasonable nor attempts to offer additional facts in support.

¶ 30 Defendant argues that it was "unfair" to rely on his status as a convicted felon to reject his testimony. However, the court never mentioned defendant's criminal history in making its credibility findings. Moreover, as noted, even accepting defendant's testimony did not require the court to vacate the plea. Defendant testified that counsel met with him on multiple occasions, reviewed discovery with him, and urged him to accept the State's plea offer, advice which appears to have been eminently reasonable.

¶ 31 Defendant argues that counsel never filed any motions on his behalf. He provides a list—apparently obtained from a book—of motions that could potentially have been filed, including motions for "bill of picticular [*sic*]," to suppress evidence, to "squash [*sic*] arrest," to suppress

identification testimony, and "to exclude." However, he makes no effort to show that there were grounds for filing any such motions in this particular case. He does not even specify what should have been suppressed or excluded.

¶ 32    Whether to file a motion is a strategic decision to which we typically defer. *People v. Wilson*, 164 Ill. 2d 436, 454-56 (1994). Absent any grounds to believe that a motion would likely have succeeded, defendant cannot establish that counsel was ineffective.

¶ 33                                    CONCLUSION

¶ 34    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 35    Motion granted; judgment affirmed.