NOTICE
Decision filed 12/26/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240368-U

NO. 5-24-0368

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 22-CF-944 |
| | ) | |
| TERRY SMITH, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court did not err in denying the defendant's motion to withdraw his guilty plea. There is no basis in the record to find that his plea was the result of misinformation or ineffective assistance of counsel, and the defendant admitted his plea was knowing, voluntary, and not made under threat, force, or outside promise. Furthermore, postplea counsel complied with Rule 604(d) and the circuit court conducted the plea hearing in compliance with Rule 402. As any arguments to the contrary would lack merit, we grant the defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2   Defendant Terry Smith appeals from the denial of his amended motion to withdraw his guilty plea from predatory criminal sexual assault of a child. Smith's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit. On that basis, OSAD has filed a motion to withdraw as counsel pursuant to

*Anders v. California*, 386 U.S. 738 (1967), along with a memorandum of law in support of that motion.

¶ 3　This court gave Smith an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit. However, he has not taken advantage of that opportunity. This court has examined OSAD's *Anders* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4　　　　　　　　　　　　　BACKGROUND

¶ 5　Smith was charged with two counts of predatory criminal sexual assault of a child, one count of assault of attempted predatory criminal sexual assault of a child, and three counts of aggravated criminal sexual abuse for alleged acts that took place between January 19, 2022, and March 25, 2022, against E.H., a child under 13 years of age. Smith was initially represented by a public defender, Kerri Davis, but later retained private counsel, Thomas Hildebrand. Hildebrand entered his appearance on behalf of Smith on May 8, 2023.

¶ 6　　　　　　　　　　　　A. Plea Proceedings

¶ 7　On May 13, 2023, Smith pled guilty to one count of predatory criminal sexual assault of a child in exchange for a sentence of 18 years of incarceration and the dismissal of the remaining charges in the present case, as well as the charge in an unrelated matter.

¶ 8　Before accepting his guilty plea, the circuit court admonished Smith pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 2012) that predatory criminal sexual assault of a child is a Class X felony, and that if found guilty, Smith would face minimum and maximum terms of 6 and 60 years in prison, respectively. The court also informed Smith that probation was not a

possible sentence, and that the period of mandatory supervised release (MSR) was between three years and natural life. Smith affirmatively indicated that he understood the nature of the charges and the range of penalties.

¶ 9     The court further explained to Smith his rights to a jury and bench trial, and that he would be giving up these rights if he pled guilty. Smith confirmed that he understood that he was giving up these rights. He also affirmatively confirmed that his guilty plea was not the result of any threats, force, or promises outside of the record, and that he was entering into the plea freely and voluntarily.

¶ 10     The circuit court also heard the factual basis for the plea. The State offered that, if called to testify, members of the Alton Police Department would testify that they received a report from East Elementary School in Alton, Illinois, on March 25, 2022. On that date, E.H., the minor daughter of Smith's girlfriend, asked to speak to a school social worker, Eric Wolf. Wolf would testify that E.H. told him that Smith had touched her private parts.

¶ 11     E.H. was later interviewed at Madison County Child Advocacy Center, where she disclosed certain sexual acts that Smith did to her. According to the State's proffer, among other acts of sexual abuse, Smith "committed acts of contact between his hand and E.H.'s sex organ for the purpose of sexual arousal or gratification" between January 19 and March 25, 2023.

¶ 12     Detective Joe Splittorff of the Alton Police Department would testify that he executed a search warrant at the home where E.H. and her mother lived, and found a sex toy in a location described by E.H. Splittorff would also testify that he conducted interviews with Smith, in which Smith "admitted to living with E.H. and being alone with her giving him access to perpetrate this act."

¶ 13    Smith's counsel stipulated that the State's proffer was substantially the evidence that it would present at trial. The circuit court accepted the factual basis, and, after finding on the record that Smith's guilty plea was knowingly and voluntarily made, accepted Smith's plea of guilty.

¶ 14    Following the imposition of the 18-year prison sentence, the court admonished Smith concerning his appeal rights. The court informed Smith that he had 30 days to file a motion to vacate his guilty plea and that anything not contained in the motion would be waived.

¶ 15                              B. Postplea Filings

¶ 16    On May 24, 2023, Smith filed a *pro se* motion to withdraw his guilty plea, alleging that his sentence was unconstitutional, that he was innocent of the charges against him, and that he had been rushed into pleading guilty because his retained counsel was only on the case for one week prior to the entry of the guilty plea. He also argued that his counsel provided ineffective assistance. On July 18, 2023, the circuit court appointed the public defender's office to represent Smith during postplea proceedings.

¶ 17    On August 14, 2023, Smith filed several documents with the court. First, Smith sent a letter to the court requesting reappointment of counsel for postplea proceedings, as he had previously had issues with Kerri Davis, the original public defender assigned to his case. Second, he filed a motion for a hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), alleging that Davis had provided ineffective assistance. Third, he filed a request for special counsel, in which he alleged that he had filed complaints with the Attorney Registration and Disciplinary Commission against both Davis and his privately retained counsel, Hildebrand. Fourth, he filed what he styled as a postconviction petition alleging ineffective assistance of counsel and misconduct by the State. On August 21, 2023, Smith filed a motion for an evidentiary hearing and a letter to the court again complaining of Davis's representation.

4

¶ 18    On October 24, 2023, a different public defender, Jack Daugherty, appeared on Smith's behalf, and the court denied Smith's request for special counsel. Smith's request for a *Krankel* hearing and his motion for an evidentiary hearing were later denied as well, as they were not adopted by his new counsel. His postconviction petition was stricken as premature.

¶ 19    On December 8, 2023, Daugherty filed on Smith's behalf an amended motion to withdraw Smith's guilty plea. The amended motion argued that the totality of the record—which included numerous postplea filings alleging ineffective assistance of counsel against public defender Davis—indicated that Smith did not understand who his attorney was at the time of entering into the guilty plea. The motion further argued ineffective assistance of plea counsel Hildebrand, alleging on information and belief that Hildebrand told Smith that pleading guilty was his "only option" unless Smith could pay Hildebrand a $10,000 trial fee. The motion concluded that due to Smith's confusion regarding who represented him and the ineffective assistance he received from plea counsel, his guilty plea was not knowing and voluntary, but coerced. Daugherty also filed a certificate of compliance pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 20              C. Hearing on Amended Motion to Withdraw Guilty Plea

¶ 21    The court held a hearing on Smith's amended motion on March 12, 2024, with both Smith and Hildebrand present. Smith testified that he hired Hildebrand because he wanted more competent counsel than Davis, his appointed public defender. Hildebrand told him that there was no reason to go to trial, as Hildebrand could negotiate a plea deal for Smith in which he would receive time served. Thereafter, Smith terminated the representation of the public defender. Only one week passed between Smith's engagement of Hildebrand and Smith's pleading guilty. During that time, Hildebrand did not go through the discovery with Smith, did not explain the options

5

available to him, and told him that if he proceeded to trial instead of pleading guilty, he would have to pay a $10,000 trial fee.

¶ 22    According to Smith, he was not aware he was proceeding to a plea hearing on the day he accepted the plea. Smith was under the impression that he had no choice but to take the plea deal because he was not aware that he could be represented by the public defender once he had retained private counsel. Smith further testified that he was not sure who represented him on the day of the guilty plea hearing because the docket did not say that Davis had withdrawn, and Hildebrand told Smith he had been in contact with Davis. However, only Hildebrand, and not Davis, was in court on the day that Smith pled guilty. Smith felt that he was forced to accept the plea deal and he did not understand what he was doing when he entered his plea of guilty.

¶ 23    Hildebrand testified for the State that he never advised Smith that he could negotiate a plea deal for time served. He advised Smith to accept the plea offer of 18 years because, due to the strength of the State's evidence, it was Hildebrand's position that Smith would certainly be convicted. Hildebrand received a letter from the State offering Smith 20 years, which Hildebrand stated that he negotiated down to 18 years. Hildebrand further testified that he did not recall there being significant discussion regarding Smith's finances, but stated, "I've never in my career told anybody that if you don't come up with this money, you're going to have to plead guilty." Hildebrand did not recall the content of the conversations he had with Davis prior to entering his appearance in the case, but stated that he independently reviewed the case file and formed his own opinions of the strength of the State's evidence.

¶ 24    Following arguments of counsel, the circuit court denied the motion. Based on its own recollections, the transcript of the plea hearing, and the testimony offered at the present hearing,

the court found that "[i]t was clear that *** Mr. Smith knew Tom Hildebrand was his attorney." The court further explained its decision as follows:

> "What I have before me is a transcript of the plea where I asked Mr. Smith all of the questions, not only am I required to ask, but I went beyond what I am required to as Mr. Smith to ensure that he understood that if he wanted to have a trial, he could. That he understood his right to an attorney private or public. I did all of that. And Mr. Smith, at that time, I believe, made a knowing, voluntary and intelligent waiver of his right and accepted the plea deal."

¶ 25 Smith filed a timely notice of appeal from the denial of his amended motion to withdraw his guilty plea. The court appointed OSAD as his appellate counsel. OSAD now moves to withdraw as counsel.

¶ 26                                    ANALYSIS

¶ 27 OSAD argues that the circuit court properly denied Smith's amended motion to withdraw his guilty plea, and that there are no meritorious arguments to the contrary. In the memorandum supporting its *Anders* motion to withdraw as counsel, OSAD states that it considered raising three potential issues on appeal:

> (1) whether postplea counsel strictly complied with Illinois Supreme Court Rule 604(d);

> (2) whether Smith knowingly and voluntarily pled guilty; and

> (3) whether the circuit court erred in denying Smith's amended motion to withdraw guilty plea.

OSAD has determined that these issues would be without arguable merit, and the court's dismissal of the motion was therefore proper. As we agree with counsel's assessment, we grant OSAD leave to withdraw.

¶ 28             A. Whether Postplea Counsel Complied with Rule 604(d)

¶ 29 As a prerequisite to appeal from a judgment entered upon a guilty plea, Rule 604(d) requires:

7

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Dec. 7, 2023).

¶ 30    The Rule 604(d) certificate requirement " 'ensure[s] that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence.' " (Emphasis in original.) *People v. Gorss*, 2022 IL 126464, ¶ 15 (quoting *People v. Tousignant*, 2014 IL 115329, ¶ 16). We review for postplea counsel's strict compliance with Rule 604(d) *de novo*. *Id.* ¶ 10.

¶ 31    Smith's appointed postplea counsel, Jack Daugherty, filed a Rule 604(d) certificate on March 12, 2024, after filing the amended motion to withdraw guilty plea on December 8, 2023. Strict compliance with Rule 604(d) does not require counsel to file a certificate of compliance prior to or at the hearing on the postplea motion, but rather prior to the filing of any notice of appeal. *In re H.L.*, 2015 IL 118529, ¶ 25. Regardless, in this case, the hearing on Smith's motion took place on March 12, 2024, the same day that counsel filed his certificate of compliance.

¶ 32    The Rule 604(d) certificate stated as follows:

"I, Jack Daugherty, attorney for Defendant, certify pursuant to Supreme Court Rule 604(d) that:

1.  I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the Defendant's contentions of error in the entry of the plea of guilty and in the sentence;

2.  I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3.  I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

OSAD argues that this language tracks the language used in the rule nearly verbatim.

8

¶ 33 We agree that counsel has strictly complied with the requirements of the rule, and further find that there is no evidence in the record indicating otherwise. He has certified that he fulfilled the obligations required of him in communicating with Smith about potential errors in the entry of the plea and the sentence, reviewing the necessary documents, and amending Smith's motion as needed. Therefore, we find that any argument that postplea counsel failed to comply with Rule 604(d) would be without arguable merit.

¶ 34 B. Whether Smith's Plea Was Knowing and Voluntary

¶ 35 Due process requires that, in order for a defendant's plea of guilty to be knowing and voluntary, he must be advised of the direct consequences of pleading guilty. *People v. Hughes*, 2012 IL 112817, ¶ 35. The record "must affirmatively show that the plea was entered intelligently and with full knowledge of its consequences." *People v. Whitfield*, 217 Ill. 2d 177, 184 (2005).

¶ 36 Rule 402(a) lists the admonishments that the trial court must provide the defendant before accepting a plea of guilty. These include the nature of the charge, the minimum and maximum penalties for the offense, the right to plead not guilty and proceed to trial, and the waiver of any sort of trial by entering a guilty plea. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). The court is not required to use the language of Rule 402(a) verbatim—substantial compliance is sufficient to satisfy due process. See *People v. Fuller*, 205 Ill. 2d 308, 323 (2002). In addition to admonishing the defendant, the court must also determine on the record that the plea is voluntary and hear a factual basis sufficient to support the charge before accepting the guilty plea. Ill. S. Ct. R. 402(b), (c) (eff. July 1, 2012).

¶ 37 Whether the trial court substantially complied with Rule 402 is a question of law, reviewed *de novo*. *People v. Chavez*, 2013 IL App (4th) 120259, ¶ 14.

9

¶ 38     Here, the circuit court stated on the record that (1) Smith was charged with the offense of predatory criminal sexual assault of a child; (2) in that on or about January 19, 2022, through March 25, 2022, Smith, who was 17 or older, committed an act of contact between the sex organ or anus of E.H., a female who was under the age of 13, and Smith's hand, for the purpose of sexual arousal or gratification; and (3) Smith knew who was referred to by the initials E.H. The court then informed Smith that the offense of predatory criminal sexual assault of a child is considered an enhanced Class X felony, which is a nonprobationable offense with an MSR period of three years to natural life. Smith indicated that he understood the nature of the charge and potential penalties.

¶ 39     The record further shows that the circuit court admonished Smith pursuant to Rule 402(a)(3) that he had a right to a trial and to plead not guilty. The court continued, pursuant to Rule 402(a)(4), that by entering a guilty plea, Smith would be giving up his right to a jury or bench trial at which he could present his own witnesses, cross-examine the State's witnesses, and hold the State to its burden of proving him guilty beyond a reasonable doubt. The court also explained the difference between a jury trial and bench trial. Smith indicated that he understood the court's admonishments.

¶ 40     The court also admonished Smith, through counsel, of the terms of the plea agreement, and ascertained Smith's understanding of those terms in open court, thus satisfying the requirements of Rule 402(b) for determining whether the plea was voluntary. Ill. S. Ct. R. 402(b) (eff. July 1, 2012). The court stated that if Smith pled guilty to count 1, predatory criminal sexual assault of a child, the State would dismiss counts 2 through 6 in the present case and count 1 in a separate, unrelated case, and he would be sentenced to 18 years in prison, to be served at 85%, with an MSR term of up to natural life. Smith stated that he understood the court's admonishments.

10

¶ 41 The court also accepted the State's factual basis for the plea, which was stipulated to by defense counsel. The court further made an explicit finding that Smith's plea was knowing and voluntary. Ill. S. Ct. R. 402(c), (d) (eff. July 1, 2012). There is, furthermore, no basis in the record to find that Smith's guilty plea was not made of his own volution, or was the result of force, threats, or promises. See *People v. Manning*, 227 Ill. 2d 403, 419 (2008).

¶ 42 We therefore find that the circuit court satisfied due process by substantially complying with Rule 402 and that Smith's plea was knowingly and voluntarily made. We agree with OSAD that any argument to the contrary would lack arguable merit.

¶ 43 C. Whether the Court Erred in Denying Smith's Motion

¶ 44 A defendant does not have an absolute right to withdraw a guilty plea, but he should be allowed to do so where his plea was not constitutionally entered. *Id.* at 412. A defendant should be allowed to withdraw his guilty plea where it was entered as a result of counsel's misrepresentations. *Id.*; *People v. Boyd*, 2018 IL App (5th) 140556, ¶ 15. The defendant bears the burden of showing a manifest injustice under the facts involved in order to obtain leave to withdraw his plea. *People v. Bryant*, 2016 IL App (5th) 140334, ¶ 29. The decision whether or not to allow a defendant to withdraw a guilty plea is a matter ordinarily within the trial court's discretion and will not be disturbed absent an abuse of that discretion. *Manning*, 227 Ill. 2d at 411-12.

¶ 45 Appointed postplea counsel's amended motion raised two bases for why Smith should be permitted to withdraw his guilty plea. First, postplea counsel argued that Smith's decision to plead guilty was the result of ineffective assistance of plea counsel Hildebrand, because Hildebrand pressured Smith to accept the offer of 18 years by telling him that accepting the deal was his "only option" unless he could pay Hildebrand a $10,000 trial fee. Second, postplea counsel argued that the record of Smith's postplea filings against public defender Davis—who was not his plea

11

counsel—established that Smith did not know who his counsel was at the time of the guilty plea, and his guilty plea was therefore not knowing and voluntary. Instead, postplea counsel contended that the plea was coerced by the psychologically stressful and confusing environment that surrounded the guilty plea proceedings.

¶ 46                                    i. *Ineffective Assistance of Counsel*

¶ 47    Claims of ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Domagala*, 2013 IL 113688, ¶ 36 (citing *People v. Albanese*, 104 Ill. 2d 504 (1984) (adopting *Strickland*)). To prevail on an ineffective assistance claim, the defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Id.* (citing *Strickland*, 466 U.S. at 687). More specifically, he must show "that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Strickland*, 466 U.S. at 694). Additionally, he must "overcome the strong presumption that the challenged action or inaction may have been the product of sound trial strategy," as "[m]atters of trial strategy are generally immune from claims of ineffective assistance of counsel." *People v. Smith*, 195 Ill. 2d 179, 188 (2000).

¶ 48    Here, Smith alleged that Hildebrand told him that he had no other choice but to plead guilty or pay Hildebrand $10,000. He also alleged that Hildebrand incorrectly told him that he could negotiate a deal for time served. Smith and Hildebrand both testified at the hearing on the amended motion. The allegations of Smith's amended motion are contradicted by Hildebrand's testimony that he did not make either of these statements to Smith. The circuit court, as the trier of fact, bears the responsibility of weighing the evidence and determining witness credibility, and its findings

are entitled to great deference. *People v. Gray*, 2017 IL 120958, ¶ 35. There is nothing in the record to suggest that the court erred in finding Hildebrand's testimony more credible than Smith's regarding the alleged ineffective assistance of plea counsel. See *People v. Cunningham*, 212 Ill. 2d 274, 279-80 (2004).

¶ 49 Additionally, prior to accepting his guilty plea, the circuit court admonished Smith pursuant to Rule 402(a), and ensured that Smith had not been threatened, forced, or promised anything outside of the plea offer in exchange for his plea. The court further admonished him regarding the range of potential penalties, including that his offense was nonprobationable with a minimum six-year sentence. The transcript also shows that Smith affirmed that he understood both his right to proceed to trial and the sentencing range he faced prior to pleading guilty. Therefore, we find that there is no meritorious argument that his plea was not voluntary based on his ineffective assistance of counsel claim.

¶ 50                                  ii. *Plea Based on Misinformation*

¶ 51 Smith also asserted in his amended motion that his guilty plea was not knowing and voluntary because he did not know who was representing him at the time of the plea. Here we again turn to the evidence provided in the transcripts of the guilty plea hearing and the hearing on Smith's amended motion.

¶ 52 During the plea hearing, the circuit court informed Smith on two occasions that Hildebrand was his attorney. No attorney aside from Hildebrand appeared on Smith's behalf at the plea hearing. At the motion hearing, Hildebrand testified that he was the attorney who communicated the plea offer to Smith and who negotiated the offer with the State on Smith's behalf.

¶ 53 After hearing testimony from both Smith and Hildebrand, the court found that "it was clear" that Smith knew that Hildebrand was his attorney at the time of the plea, and that there was

no "legal basis for Mr. Smith to be able to withdraw his plea." The court further explained that Smith never displayed any lack of understanding of the admonishments he was given at the plea hearing. The court expressed that it believed Smith merely regretted pleading guilty, which was not a valid basis to withdraw a guilty plea.

¶ 54    We repeat that we accord great discretion to the circuit court, as the trier of fact, in its credibility determinations. We find no possible meritorious argument that manifest injustice occurred under these facts and that Smith should be allowed to withdraw his guilty plea.

¶ 55                                    CONCLUSION

¶ 56    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 57    Motion granted; judgment affirmed.